# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10161
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

ROBERT BRUCE LLOYD,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-138-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Robert Lloyd appeals his conviction of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2). In the factual basis for his guilty plea,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10161

Lloyd admitted he "knowingly received child pornography that had been mailed, shipped, and transported in interstate commerce by any means, including by computer."

Lloyd asserts that § 2252A(a)(2) should be construed as requiring the government to prove, or the defendant to admit, that the "offense caused the [child pornography] to move in interstate commerce, or, at least, . . . that the relevant [child pornography] moved in interstate commerce at a time reasonably near the offense." Relying on *Bond v. United States*, 134 S. Ct. 2077 (2014), Lloyd contends that a conviction in the absence of such proof impermissibly intrudes on state police power. He further urges that the factual basis for his guilty plea was insufficient under Federal Rule of Criminal Procedure 11 because he did not admit to such facts.

"Rule 11(b)(3) requires a district court taking a guilty plea to make certain that the *factual* conduct admitted by the defendant is sufficient as a *matter of law* to establish a violation of the statute to which he entered his plea." *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010) (footnote omitted). Plain error review applies to Lloyd's forfeited objection to the factual basis for his guilty plea. *See id.* To establish plain error, Lloyd must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id*.

The Commerce Clause authorizes Congress to prohibit local, intrastate possession and production of child pornography where the materials used in the production were moved in interstate commerce. *See United States v. Dickson*, 632 F.3d 186, 192 (5th Cir. 2011); *United States v. Kallestad*, 236 F.3d 225, 226–31 (5th Cir. 2000). *Bond* did not abrogate the holdings of those cases. As

No. 16-10161

Lloyd concedes, the district court's finding that there was a sufficient factual basis for his guilty plea was not a clear or obvious error in light of this caselaw. *See Puckett*, 556 U.S. at 135. Lloyd raises the issue to preserve it for further review.

Alternatively, Lloyd asserts that *Kallestad* was wrongly decided and that the Commerce Clause does not authorize Congress to impose federal criminal liability where the defendant's conduct is tenuously related to interstate commerce. He also claims, in the alternative, that plain error review should not apply to his forfeited objection to the factual basis of his guilty plea. Because one panel of this court may not overrule the decision of another absent a superseding en banc or Supreme Court decision, *United States v. Lipscomb*, 299 F.3d 303, 313 & n.34 (5th Cir. 2002), Lloyd is correct that these issues are foreclosed.

The judgment is AFFIRMED. The government's motions for summary affirmance and, alternatively, for an extension of time to file its brief, are DENIED.